NAZARETH M. HAYSBERT [CA SBN 294431]
 nazareth@hmlaw.la
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292
Tel:   (310) 496-5796
Fax:   (310) 496-5701

*Attorneys For Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., a minor, by and through his legal guardian, Raylene Johnson, individually, and as FREDERICK V. HOLDER's successor-in-interest, TONY JONES, an individual; APRIL HOLDER, an individual; JERRY JONES, an individual; and ROSIE JONES, an individual<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a Governmental Entity; CITY OF LOS ANGELES, a Governmental Entity; Deputy JACKIE ROJAS, an individual; Deputy JAVIER FIERROS, an individual; Deputy CHRISTOPER CONGER, an individual; and DOES 1-20, inclusive<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br>1. Unreasonable Use of Deadly Force and Denial of Medical Care (42 U.S.C. § 1983);<br>2. Deprivation of Life Without Due Process (42 U.S.C. § 1983);<br>3. Interference with Parent-Child Relationship (42 U.S.C. § 1983);<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983);<br>5. Municipal Liability— Failure to Train (42 U.S.C. § 1983);<br>6. Fabrication of Evidence (42 U.S.C. § 1983);<br>7. Failure to Intervene (42 U.S.C. § 1983);<br>8. False Arrest (42 U.S.C. § 1983);<br>9. Conspiracy (42 U.S.C. § 1983);<br>10. Wrongful Death (Cal. Civ. Proc. Code § 377.60);<br>11. Battery;<br>12. Negligence;<br>13. Violation of Bane Act. |

April Holder, Tony Jones, Jerry Jones, Rosie Jones, and R.H. a minor, by and through his legal guardian Raylene Johnson, individually, and as successor-in-interest of Frederick V. Holder ("Plaintiffs"), upon information and belief, allege the following:

## I.

## INTRODUCTION

1.    This case challenges the use of excessive force and denial of medical care that led to the unjustified killing of Frederick V. Holder ("Mr. Holder"), the son of Tony Jones and April Holder, and father to Plaintiff R.H.

2.    On June 23, 2021, Los Angeles County Sheriff's Department ("LASD") Deputies, Jackie Rojas, Javier Fierros, Christopher Conger, and Does 1-10, approached the driver of a white utility box truck, later identified as Mr. Holder, and shot Mr. Holder multiple times in the face, neck, chest, and arms, with handguns and an assault rifle. At the time this occurred, Mr. Holder posed no imminent threat of death or physical injury to the officers or to anyone else. The lower portion of Mr. Holder's face was blown away by the bullets. The remainder of his face and body were riddled with gunshot wounds and contusions. Paramedics responded to the scene but were waved away by LASD officers. An Air Unit of the City of Los Angeles Police Department ("LAPD") observed and recorded Mr. Holder's execution from their helicopter but failed to intervene to stop the unlawful acts of the LASD officers. Mr. Holder succumbed to his injuries and was pronounced dead at the scene. The use of deadly force against Mr. Holder by Defendants under these circumstances was unconstitutional and violated clearly established law that would have been known to any reasonable law enforcement officer.

## II.

## JURISDICTION AND VENUE

3.    This case arises under 42 U.S.C. §1983 and California law. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. This Court has

supplemental jurisdiction over Plaintiff's pendent state law claims under 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

## III.

## PARTIES

5.      R.H, a minor, by and through his legal guardian, Raylene Johnson, Tony Jones, April Holder, Jerry Jones, and Rosie Jones, bring this action individually, and as heirs and successors-in-interest of Frederick V. Holder. Plaintiffs assert all survival claims and rights under California law which survive Mr. Holder's death, pursuant to California Code of Civil Procedure § 377.30, and any survival claim they may bring under 42 U.S.C. §1983 or California law in their capacity as successors-in-interest to Frederick V. Holder.

6.      At all relevant times, Plaintiffs and Mr. Holder were residents of Los Angeles County, California.

7.      Defendant County of Los Angeles ("County of Los Angeles" or "County") is a municipality duly organized under the laws of the State of California. At all relevant times, Sheriff deputies Jackie Rojas, Javier Fierros, and Christopher Conger were officers and employees of the County and were acting under color of law at the time the acts herein occurred. Liability under California law for Defendant County and its employees, including the individual named defendants, is based upon California Government Code § 815.2 and § 820, Penal Code §§ 149, 240 and 242, and Civil Code §§ 43 and 52.1. Plaintiffs complied with the requirements of the California Tort Claims Act by timely submitting tort claims to Defendants' City of Los Angeles ("City"), and the County of Los Angeles. Defendants timely rejected all claims.

8.      At all relevant times, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-10, were duly authorized employees and agents of the LASD, acting under color of law, within the course and scope of their respective duties as LASD deputies, and with the complete authority and ratification of Defendant County of Los Angeles. Each Defendant is responsible for some part of the conduct and liabilities alleged herein.

9.      At all relevant times, Does 10-20 were duly authorized employees and agents of the City of Los Angeles, acting under color of law, within the course and scope of their respective duties as LAPD officers, and with the complete authority and ratification of Defendant City of Los Angeles. Each Defendant is responsible for some part of the conduct and liabilities alleged herein.

10.     Plaintiffs are informed and believe and thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omission of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal. Plaintiffs are informed and believe that each of the individual Defendants were in some way responsible for the constitutional violations and torts alleged in this complaint.

11.     In committing the acts alleged in this complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiff Frederick V. Holder and of his family members, Plaintiffs R.H, a minor, by and through his legal guardian, Raylene Johnson, Tony Jones, April Holder, Jerry Jones, and Rosie Jones, justifying an award of punitive damages under federal and California law against each individual Defendant.

12.     Hereafter, references to ("Defendants") are deemed to include all named individual Defendants, unless otherwise indicated.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.

## FACTUAL ALLEGATIONS

13.     On June 23, 2021, a white utility box truck was observed by an LAPD Air Unit driving near Studebaker Road and Leffingwell Road in Norwalk, California. The LAPD Air Unit advised the LASD that the box truck appeared to be driving erratically.

14.     The LAPD Air Unit and LASD Deputies in at least six marked vehicles eventually followed the truck, as it merged with traffic from the Alondra Boulevard off-ramp of the southbound 605 freeway and came to a stop at a stop sign near the intersection of Piuma Avenue and Alondra Boulevard. None of the officers in the marked LASD vehicles were equipped with a body-camera. None of the marked LASD vehicles were equipped with a department-issued dash camera.

15.     As the white utility box truck came to a stop at the stop sign, LASD Deputies Jackie Rojas, Javier Fierros, Christopher Conger and other still unidentified Deputies exited their patrol vehicles wielding handguns or assault rifles, and approached the unidentified passenger, later identified as Frederick V. Holder, while he was sitting in the driver's seat of the truck. Multiple deputies opened fire, firing thirty-three (33) bullets from multiple guns, and shooting Mr. Holder eleven (11) times in the face, neck, chest, and arms. Although none of the bullets passed into Mr. Holder's brain or heart, one or more bullets punctured Mr. Holder's lungs. At the time the deputies opened fire, multiple cars containing bystanders and witnesses were parked at the same stop sign in close proximity to the box truck and well within the zone of danger. Upon information and belief, several of these witnesses were detained for questioning.

16.     Upon information and belief, Los Angeles County Fire Department paramedics responded to the scene while Mr. Holder was still alive, struggling to breathe. Upon information and belief, the paramedics were waved away by Sheriff deputies. At some point during this series of events, the portion of Mr. Holder's face that had not been destroyed by bullets somehow became covered with contusions.

17.    Mr. Holder's official time of death was recorded as 10:14 a.m. After the incident, no law enforcement investigators or anyone outside the LASD were allowed on the scene for approximately twelve hours after the incident occurred.

18.    Upon information and belief, one or more of the deputies or investigators involved in the shooting or its direct aftermath placed a butane lighter at the scene of the shooting to justify Mr. Holder's arrest and execution.

19.    Upon information and belief, one or more deputies involved in the shooting was "chasing ink" and seeking to become or was a prospective member of a group or gang within the LASD.

20.    Upon information and belief, some of Mr. Holder's property was destroyed or removed in the aftermath of the shooting, and subsequent investigation, and was never recovered by his family.

21.    Mr. Holder's family were not informed of his death until July 1, 2021, more than one week after the shooting took place.

22.    On July 7, 2021, Mr. Holder's body was released to his family.

23.    Mr. Holder's family have been deprived of the life-long companionship, comfort, support, society, care, and sustenance that Mr. Holder would have provided but for his death, and will be deprived of his care, comfort and society for the remainder of their natural lives.

## V.

## FIRST CLAIM FOR RELIEF

### Unreasonable Use of Deadly Force and Denial of Medical Care
### (42 U.S.C. § 1983)
### (*Plaintiffs as against Defendants Los Angeles County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10*)

24.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

25.    Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10 use of deadly force was both excessive and

5

unreasonable under the circumstances. Defendants' unjustified killing of Mr. Holder deprived him of his rights under the Fourth and Fourteenth Amendments. Plaintiffs, as Mr. Holder's successors-in-interest, have the right and standing to assert Mr. Holder's claim for this violation of his Fourth and Fourteenth Amendment rights.

26.     Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10 unlawful use of deadly force caused Mr. Holder extreme pain and suffering, loss of life, and his relationship with his mother, child, friends, and family. Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their family member, Mr. Holder, and they will continue to be so deprived for the remainder of their lives.

27.     Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10 knew that failure to provide timely medical treatment to Mr. Holder could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death. In particular, Defendants took no action for approximately twelve hours after the incident occurred since neither the fire department nor any other outside investigators were allowed to attend to Mr. Holder on the scene for that twelve-hour duration. Mr. Holder eventually succumbed to his wounds but was very much alive after the initial shooting occurred with no medical attention given to him during this crucial time.

28.     As a result of their conduct, Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10, are liable for Mr. Holder's injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations.

29.     The claim against Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10 is based upon Plaintiffs'

allegations that the County policies, practices or customs were a cause of the injuries suffered by Mr. Holder and Plaintiffs herein.

30.     As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Holder's love, affection, society, and companionship.

31.     Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare, and safety of their family member Mr. Holder, justifying the awarding of punitive and exemplary damages against individual Defendants in an amount to be determined at time of trial.

32.     Plaintiffs bring this claim as successors-in-interest to Mr. Holder, and seek both survival and wrongful death damages under federal law for the violation of Mr. Holder's rights. Plaintiffs also seek attorneys' fees under this claim.

# VI.

## <u>SECOND CLAIM FOR RELIEF</u>

### Deprivation of Life Without Due Process
### (42 U.S.C. § 1983)
### (*Plaintiffs as against all Defendants*)

33.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

34.     Defendants acted within the course and scope of their duties as LAPD officers and/or LASD deputies when they wrongfully killed Mr. Holder and/or failed to intervene to prevent his unlawful death, despite that Mr. Holder posed no imminent threat of danger to Defendants or anyone else. He was unarmed when Defendants Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10 shot Mr. Holder multiple times, eventually causing Mr. Holder's death, and

when LAPD Officer Does 10–20 did not intervene to stop the unconstitutional conduct by LASD deputies, the combined actions of the LASD deputies and LAPD officers deprived Mr. Holder of his life without due process of law.

35.    Defendants' deprivation of Mr. Holder's life without due process of law caused him extreme pain and suffering, loss of life, and his relationship with his parents, child, and friends. Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their family member, Mr. Holder, and they will continue to be so deprived for the remainder of their lives.

36.    As a result of their conduct, Defendants are liable for Mr. Holder's injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations.

37.    As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Holder's love, affection, society and companionship.

38.    Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, and the welfare and safety of Mr. Holder, justifying the awarding of punitive and exemplary damages against individual Defendants in an amount to be determined at time of trial.

39.    Plaintiffs bring this claim as successors-in-interest to Mr. Holder and seek both survival and wrongful death damages under federal law for the violation of Mr. Holder's rights. Plaintiffs also seek attorneys' fees under this claim.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VII.

## THIRD CLAIM FOR RELIEF
### Interference with Parent-Child Relationship
### (42 U.S.C. § 1983)
### (*Plaintiffs as against all Defendants*)

40.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

41.     By wrongfully killing Mr. Holder while he was unarmed, Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 deprived Plaintiffs of their Fourteenth Amendment right to a familial relationship with Mr. Holder. Defendants acted with deliberate indifference to Plaintiffs' rights and/or their unlawful conduct shocks the conscience.

42.     Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-20's interference with the parent-child relationship deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their family member Mr. Holder, and they will continue to be so deprived for the remainder of their lives.

43.     As a result of their conduct, Defendants County, City Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-20 are liable for Mr. Holder's injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

44.     As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Holder's love, affection, society, and companionship.

45.     Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety and those of Mr. Holder, justifying the award of punitive and exemplary damages in an amount to be determined at time of trial.

46.     Plaintiffs bring this claim as successors-in-interest to Mr. Holder and seek both survival and wrongful death damages under federal law for the violation of Mr. Holder's rights. Plaintiffs also seek attorneys' fees under this claim.

## VIII.

### FOURTH CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional Custom or Policy**
**(42 U.S.C. § 1983)**
(***Plaintiffs as against Defendants County of Los Angeles and City of Los Angeles***)

47.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

48.     Defendants County and City deprived Plaintiffs and Mr. Holder of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Mr. Holder, and of persons in their class, situation and comparable position in particular, and also knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)     Employing and retaining as deputies and police officers and other personnel, including Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20, at all times material herein, despite that they knew or reasonably should have known such deputies and police officers had dangerous propensities for abusing their authority and for

mistreating citizens by failing to follow written County Sheriff Department and City Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining County Sheriff's Department and City Police Officers, and other personnel, who Defendants County and City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train deputies and officers, including Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-20, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of County and City, were done with a deliberate indifference to individuals' safety and rights; and

(e) Inadequately training County Deputies, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10 and City Police Officers Does 10-20, with respect to shooting unarmed individuals, including, but not limited to, individuals allegedly holding butane lighters, and failing to intervene to protect such individuals from the use of unjustified deadly force.

49. By reason of the aforementioned policies and practices of Defendants County and City, Mr. Holder was severely injured and subjected to pain and suffering and loss of life.

50. Defendants County and City, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient

policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. Holder, Plaintiffs, and other individuals similarly situated.

51.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts alleged herein, Defendants County and City acted with an intentional, reckless, and callous disregard for the life of Mr. Holder, and Mr. Holder and Plaintiffs' constitutional rights. Defendants County and City's actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

52.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants County and City, were affirmatively linked to and were a significantly influential force behind the injuries of Mr. Holder and Plaintiffs.

53.     By reason of the aforementioned acts and omissions of Defendants County and City, Plaintiffs were caused to incur medical expenses and funeral and related burial expenses.

54.     By reason of the aforementioned acts and omissions of Defendants County and City, Plaintiffs have suffered the loss of love, companionship, affection, comfort, care, society, and future support of Mr. Holder.

55.     Accordingly, Defendants County and City are each liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

56.     Plaintiffs seek wrongful death and survival damages under this claim.

57.     Plaintiffs also seek attorney fees under this claim.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IX.

## FIFTH CLAIM FOR RELIEF
### Municipal Liability – Failure to Train
### (42 U.S.C. § 1983)
### (*Plaintiffs as against Defendants County of Los Angeles and City of Los Angeles*)

58.   While acting under the color of state law and within the course and scope of their employment as deputies for the Los Angeles County Sheriff's Department, the shooting of Mr. Holder by Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10 deprived Mr. Holder of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

59.   While acting under the color of state law and within the course and scope of their employment as officers for the City's police department, Officer Does 10-20 failed to intervene to stop the unlawful shooting of Mr. Holder, who was unarmed, depriving Mr. Holder of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

60.   The training policies of the Los Angeles County Sheriff's Department and the City of Los Angeles Police Department were not adequate to train its deputies and police officers, including but not limited to Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Does 1-20, with regards to appropriate use of deadly force and the duty to intervene to stop the inappropriate use of deadly force. As a result, County deputies and City police officers, including Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Officer Does 1-20, are not able to appropriately manage the usual and recurring situations with which they must deal, including making contact with unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

61.     The Los Angeles County Sheriff's Department and the City of Angeles Police Department were deliberately indifferent to the known or obvious consequences of the failure to adequately train their officers, including Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Does 1-20, with regards to using deadly force and the duty to intervene to stop the inappropriate use of deadly force. This inadequate training includes failing to teach deputies and officers to give a verbal warning when feasible prior to using deadly force, to ensure body cameras and dash cams were available and operating before initiating pursuit, failing to give commands when feasible prior to using deadly force, to take cover when the officers believe an individual is armed, to distinguish butane lighters from guns, to announce themselves as police and to use less than lethal options prior to resorting to the use of deadly force.

62.     Defendants County and City were aware that failure to implement some sort of training with regards to their officers' use of deadly force and dealing with unarmed suspects, including suspects with alleged butane lighters, would result in continuing to have numerous unreasonable deputy and officer involved shootings of unarmed individuals annually.

63.     The failure of the Los Angeles County Sheriff's Department and City of Los Angeles Police Department to provide adequate training with regards to using deadly force, caused the deprivation of the Plaintiff's rights by Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20. In other words, the Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

64.     By failing to provide adequate training to County's deputies and City's police officers, including Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Does 1-20, Defendants acted with intentional, reckless, and callous disregard for the life of Mr. Holder, and Mr. Holder and Plaintiffs' constitutional rights. Defendant County and City's actions were willful, wanton,

oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

65.    By reason of the aforementioned acts and omissions of Defendants County and City, Plaintiffs were caused to incur medical expenses and funeral and related burial expenses.

66.    By reason of the aforementioned acts and omissions of Defendants Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support. Accordingly, Defendants County and City are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

67.    Plaintiffs seek wrongful death and survival damages under this claim.

68.    Plaintiffs also seek statutory attorney fees under this claim.

## X.

## SIXTH CLAIM FOR RELIEF

### Fabrication of Evidence
### (42 U.S.C. § 1983)
### (*Plaintiffs as against Defendants County of Los Angeles, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Deputy Does 1-10*)

69.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

70.    Upon information and belief, Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10 fabricated evidence that was used to justify Mr. Holder's arrest and execution. The fabricated evidence included, but is not limited to, the alleged butane lighter, that upon information and belief, was planted by one or more of Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10, and the false statements and testimony of Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Officer Does 1-10, regarding their justification for killing Mr. Holder.

71.    Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10, used tactics that were coercive and abusive such that they knew, or were intentionally indifferent to, the fact that such tactics would produce false and inherently unreliable information and evidence, and that such information and evidence would be used to justify Mr. Holder's arrest and execution.

72.    The harm to Mr. Holder and Plaintiffs from the illegal actions of Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10 resulted in Mr. Holder's loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and Plaintiffs' loss of Mr. Holder's love, affection, society and companionship.

73.    The illegal actions and the conduct of Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10 were willful, wanton, malicious, retaliatory, and with reckless disregard for the constitutional rights of Mr. Holder and do therefore justify the imposition of exemplary and punitive damages as to each of the individual Defendants.

## XI.

### SEVENTH CLAIM FOR RELIEF
### Failure to Intervene
### (42 U.S.C. § 1983)
### (*Plaintiffs as against Defendant City and Does 10-20*)

74.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

75.    Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10's use of deadly force and Defendants' City and Does 10-20's failure to intervene to stop the deadly force was both excessive and unreasonable under the circumstances. Defendants County, Deputy Jackie Rojas,

Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10's unjustified killing of Mr. Holder deprived him of his rights under the Fourth and Fourteenth Amendments. Plaintiffs, as Mr. Holder's successor-in-interest, have the right and standing to assert Mr. Holder's claim for this violation of his Fourth and Fourteenth Amendment rights.

76.     Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10's unlawful use of deadly force caused Mr. Holder extreme pain and suffering, and loss of life, and his relationship with his parents, child, friends and family. County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy Does 1-10's actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their family member Mr. Holder, and they will continue to be so deprived for the remainder of their lives.

77.     As a result of their conduct, Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Deputy and Does 1-20 are liable for Mr. Holder's injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations.

78.     As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Holder's love, affection, society and companionship.

79.     Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and the safety of Mr. Holder, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

80.     Plaintiffs bring this claim as successors-in-interest to Mr. Holder and seek both survival and wrongful death damages under federal law for the violation of Mr. Holder's rights. Plaintiffs also seek attorneys' fees under this claim.

## XII.

## .EIGHTH CLAIM FOR RELIEF

**False Arrest**
**(42 U.S.C. § 1983)**
**(*Plaintiffs as to all Defendants*)**

81.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

82.     Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Does 1-20, while working as Sheriff deputies and Police officers for County and City, and while acting within the course and scope of their duties, intentionally deprived Mr. Holder of his freedom of movement by use of force, threats of force and unreasonable duress when Defendants Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-10, shot Mr. Holder multiple times and killed him. Defendants Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Does 1-10, intentionally shot at Mr. Holder in order to detain him, detained Mr. Holder without reasonable suspicion, and attempted to arrest Mr. Holder without probable cause.

83.     Mr. Holder did not knowingly or voluntarily consent to his attempted arrest. Upon information and belief, Mr. Holder did not feel that he was free to leave as he lay dying on the ground. By shooting and killing Mr. Holder, Defendants Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-10, deprived Mr. Holder, who was unarmed, of his liberty without justification.

84.     Further, Defendants Jackie Rojas, Deputy Javier Fierros, and Deputy Christopher Conger did not have probable cause to believe that Mr. Holder, specifically, had committed any crime, before he was shot, and deprived of his liberty.

85.    The conduct against Mr. Holder by Defendants Jackie Rojas, Deputy Javier Fierros, and Deputy Christopher Conger, by shooting multiple shots at Mr. Holder, was a substantial factor in causing the harm of Mr. Holder, namely his death.

86.    COUNTY and CITY are vicariously liable for the wrongful acts of Defendants Jackie Rojas, Deputy Javier Fierros, and Deputy Christopher Conger and Does 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment, if the employee's act would subject him or her to liability.

87.    The conduct of Defendants Jackie Rojas, Deputy Javier Fierros, and Deputy Christopher Conger was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. Holder, entitling Plaintiffs to an award of exemplary and punitive damages.

88.    Plaintiffs are seeking both survival and wrongful death damages under this claim.

## XIII.

## NINTH CLAIM FOR RELIEF

### Conspiracy
### (42 U.S.C. § 1983)
**(*Plaintiffs as against Defendants County of Los Angeles, City of Los Angeles, and Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20*)**

89.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

90.    Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20, formed a combination of two or more persons acting in concert to commit the individual acts described in this Complaint herein. The primary and principal element and objective was the agreement amongst Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 to maliciously and illegally justify the arrest and

execution of Mr. Holder and to deprive him of his right to free speech, and his rights of freedom of association, and his other rights, such as his right to Due Process in the Fifth and Fourteenth Amendments, and his right to the Equal Protection of the law under the Fourteenth Amendment under the United States Constitution.

91.     Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 conspired, combined, colluded, and/or agreed to act in concert to wrongfully plant the butane lighter at the scene of the shooting where Mr. Holder was arrested and executed.

92.     Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 performed overt acts in furtherance of the conspiracy as alleged herein.

93.     County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's conspiracy was the proximate cause of the illegal retaliation against Mr. Holder and the deprivation of Mr. Holder's rights under the United States Constitution.

94.     As a direct result of Defendants' conspiracy, Mr. Holder suffered injury and harm, including loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and Plaintiffs have suffered the loss of Mr. Holder's love, affection, society and companionship.

95.     The actions and the conduct of Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 were willful, wanton, malicious, and were done with the reckless disregard for the right of Mr. Holder to freely exercise his rights under the United States Constitution, and has resulted in the deprivation of the rights of Mr. Holder under the United States Constitution, and therefore do justify the imposition of exemplary and punitive damages as to each of them.

# XIV.

## TENTH CLAIM FOR RELIEF
### Wrongful Death
### (Cal. Civ. Proc. Code § 377.60)
### (*Plaintiffs as against all Defendants*)

96.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

97.     Defendants County, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-10 killed Mr. Holder despite the absence of an imminent threat of death or physical injury to themselves or others. Mr. Holder was unarmed and was shot eleven (11) times by multiple deputies in the face, neck, chest, and arms. Because Plaintiffs are the persons who would be entitled to the property of the Mr. Holder by intestate succession, including Mr. Holder's parents and child, Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20, are the proper persons to sue for Mr. Holder's Wrongful Death under California law.

98.     As the heirs of Mr. Holder, Plaintiffs assert wrongful death actions against all Defendants pursuant to C.C.P. §§ 377.60 et seq. This claim is based upon the fact that Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's negligent, reckless, and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. Holder's death and the resulting damages to Plaintiffs. As a result of their conduct, Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations.

99.     Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or

were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety and those of Mr. Holder, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

100.   As a direct and legal result of Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20, acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Holder's love, affection, society and companionship.

101.   Plaintiffs seek both survival and wrongful death damages and all other damages and remedies available under state law.

## XV.

## ELEVENTH CLAIM FOR RELIEF
### Battery
### (*Plaintiffs as against all Defendants*)

102.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

103.   Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20, while working as deputy officers for County and acting within the course and scope of their duties, were not equipped with body cameras before initiating pursuit of Mr. Holder. Furthermore, none of the vehicles used by Defendants Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger and Does 1-10 were equipped with a Sheriff department-issued dash camera.

104.   Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20, while working as deputy officers for County and acting within the course and scope of their duties, intentionally shot Mr. Holder multiple times in the face, neck, chest, and arms. The shots taken by several

deputies were unreasonable and offensive uses of force against Mr. Holder to which he did not consent, and therefore constitute battery against Mr. Holder.

105.   Defendants JACKIE ROJAS, JAVIER FIERROS, CHRISTOPHER CONGER and DOES 1-20's battery caused Mr. Holder extreme pain and suffering, and loss of life and earning capacity. Defendants CITY, COUNTY, JACKIE ROJAS, JAVIER FIERROS, CHRISTOPHER CONGER and DOES 1-20's actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their family member Mr. Holder, and they will continue to be so deprived for the remainder of their lives.

106.   As a direct and legal result of Defendant County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained, and the loss of Mr. Holder's love, affection, society and companionship.

107.   Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

108.   As a result of their conduct, Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 are liable for Mr. Holder's injuries, either because they were integral participants in the battery, or because they failed to intervene to prevent these violations.

109.   Plaintiffs bring this claim as successors-in-interest to Mr. Holder, and seek both survival and wrongful death damages under state law.

# XVI.

## TWELFTH CLAIM FOR RELIEF
### Negligence
### (*Plaintiffs as against all Defendants*)

110.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

111.   Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 owed a duty of care toward Mr. Holder and were required to use reasonable diligence to ensure that Mr. Holder was not harmed. Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's actions and omissions were negligent and reckless, including but not limited to:

A.   the failure to properly assess and/or supervise the need to use force or deadly force against Mr. Holder;

B.   the negligent tactics used with respect to Mr. Holder;

C.   the negligent use of force, including deadly force, against Mr. Holder;

D.   the failure to properly train, supervise and discipline employees, including the individual Defendants;

E.   the failure to provide timely medical assistance to Mr. Holder; and

F.   the negligent hiring, retention, and assignment of its employees, including the individual Defendants.

112.   Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's conduct caused Mr. Holder, without limitation, extreme pain and suffering, loss of life and enjoyment of life. Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their family member Mr. Holder, and they will continue to be so deprived for the remainder of their lives.

113.   As a result of their conduct, Defendants are liable for Mr. Holder's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

114.   Plaintiffs bring this claim as successors-in-interest to Mr. Holder and seek both survival and wrongful death damages under state law.

## XVII.

### THIRTEENTH CLAIM FOR RELIEF
**Violation of Bane Act**
**(Cal. Civil Code § 52.1)**
**(*Plaintiffs as against all Defendants*)**

115.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

116.   As alleged herein, Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20 interfered by threats, intimidation, or coercion with Mr. Holder's rights under state and federal laws and under the state and federal Constitution, including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and Mr. Holder's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

117.   Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's conduct caused Mr. Holder extreme pain and suffering, and loss of life and his relationship with his parents, child, friends and family. Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their family member Mr. Holder, and they will continue to be so deprived for the remainder of their lives.

118.   As a result of their conduct, Defendants COUNTY, CITY, JACKIE ROJAS, JAVIER FIERROS, CHRISTOPHER CONGER and DOES 1-20 are liable for Mr. Holder's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

119.   As a direct and legal result of Defendants County, City, Deputy Jackie Rojas, Deputy Javier Fierros, Deputy Christopher Conger, and Does 1-20's acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Holder's love, affection, society and companionship.

120.   Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

121.   Plaintiffs bring this claim as successors-in-interest to Mr. Holder and seek both survival and wrongful death damages under state law. Plaintiffs also seek reasonable attorneys' fees under this claim.

## PRAYER
## FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A.     For compensatory damages, including both survival damages and wrongful death damages under federal and state law, and interest, in an amount to be determined at trial;

B.     For punitive damages against individual Defendants in an amount to be proven at trial;

COMPLAINT

C.     For reasonable costs of this suit and attorneys' fees; and

D.     For such further relief as the Court may deem just, proper, and appropriate.

Respectfully submitted,

DATED: August 11, 2022          **HAYSBERT | MOULTRIE, LLP**

By:      */s/ Nazareth M. Haysbert*
         Nazareth M. Haysbert, Esq.
         James L. Moultrie III, Esq.

         *Attorneys for Plaintiff R.H, a minor, by and*
         *through his legal guardian, Raylene Johnson, Tony*
         *Jones, April Holder, Jerry Jones, and Rosie Jones*