DALE K. GALIPO [CA SBN 144074]
  *dalekgalipo@yahoo.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118


NAZARETH M. HAYSBERT [CA SBN 294431]
  *nazareth@hmlaw.la*
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292
Tel:   (310) 496-5796
Fax:   (310) 496-5701

*Attorneys For Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., a minor, by and through his legal guardian, Raylene Johnson, individually, and as FREDERICK HOLDER's successor-in-interest, TONY JONES, an individual; APRIL HOLDER, an individual<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a Governmental Entity; JACKIE ROJAS, an individual; JAVIER FIERROS, an individual; CHRISTOPHER CONGER, an individual; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. 2:22-CV-05706-FMO-MAR<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER DIRECTING DEFENDANT COUNTY OF LOS ANGELES TO SHOW CAUSE AS TO WHY THE SETTLEMENT OF THIS ACTION HAS NOT BEEN CONSUMMATED**<br><br>[Declaration of Renee V. Masongsong; Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

COME NOW Plaintiffs R.H., a minor, by and through his legal guardian, Raylene Johnson, individually and as successor-in-interest to Frederick Holder, deceased; Tony Jones, an individual; and April Holder, an individual ("Plaintiffs"). Plaintiffs hereby respectfully submit this unopposed *ex parte* application for a court order directing Defendant County of Los Angeles to consummate the settlement of this case. The Parties agreed to settle the above-referenced action in its entirety on December 14, 2023. The settlement is contingent upon final approval by the Los Angeles County Claims Board and the Los Angeles County Board of Supervisors. Approximately 18 months have passed since the Parties reached the settlement, and yet this matter has not been presented to the Los Angeles County Claims Board or the Los Angeles County Board of Supervisors. Therefore, Plaintiffs are filing the instant *ex parte* application requesting that this Court issue the proposed order filed concurrently herewith directing Defendant County of Los Angeles to show cause as to why the settlement of this action has not been consummated.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Renee V. Masongsong, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on July 29, 2025, Plaintiffs' counsel discussed the substanse of the instant *ex parte* application with Defendants' counsel in compliance with Local Rule 7-19, 7-19.1. (Declaration of Renee V. Masongsong filed concurrently herewith at ¶ 2). Defendants are represented by: Marina Samson, Esq.; IVIE McNEIL WYATT PURCELL & DIGGS; 444 S. Flower Street, 18th Floor; Los Angeles, CA 90071; (213) 489-0028. (Masongsong Decl. at ¶ 3).

During the conference of counsel, Defendants' counsel represented that they do not oppose Plaintiffs' request that this Court set a hearing wherein Defendant County of Los Angeles will show cause as to why the settlement has not been consummated. Plaintiffs

do not anticipate that Defendants will file any opposition. Plaintiffs seek the instant relief on an *ex parte* basis because it has already been approximately 18 months since the Settlement Agreement and Release was executed, and Plaintiffs are losing interest in excess of $10,000 per month on the settlement funds.  Filing this as a regularly noticed motion would only cause further delay and harm to Plaintiffs.  (Masongsong Decl. at ¶ 4).

Dated: August 1, 2025                   LAW OFFICES OF DALE K. GALIPO
                                        HAYSBERT | MOULTRIE, LLP

                                        By: */s/ Renee V. Masongsong*
                                        Renee V. Masongsong
                                        Dale K. Galipo
                                        Nazareth M. Haysbert, Esq.
                                        James L. Moultrie III, Esq.
                                        *Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs hereby respectfully submit this *ex parte* application for a court order directing Defendant County of Los Angeles to show cause as to why the settlement of this case has not yet been consummated.  Specifically, Plaintiffs request that this Court enter the proposed order filed concurrently herewith, setting a hearing wherein Defendant County of Los Angeles shall show cause as to why the settlement has not been consummated.

Plaintiffs filed their complaint in this action on August 11, 2022. On October 24, 2023, the Parties participated in a successful mediation with the Honorable Joseph Biderman.  The Parties agreed to settle the case in its entirety for $3,500,000, contingent upon the approval by the Los Angeles County Claims Board and the Los Angeles County Board of Supervisors.  On December 21, 2023, the Parties executed a stipulation for settlement.  The terms of the stipulation for settlement include that this Court shall retain jurisdiction to enforce the terms of the settlement agreement.  On January 16, 2024, the Parties filed a Notice of Conditional Settlement and Request to Vacate all Dates with this Court. (Dkt. 47).  On January 19, 2024, this Court dismissed this action without prejudice. (Dkt. 48).  On July 1, 2024, Plaintiffs executed the long form Settlement Agreement and Release.  To date, the settlement approval has not been presented to the Los Angeles County Claims Board or the Los Angeles County Board of Supervisors.  The Claims Board and Board of Supervisors cannot place this on the agenda if it has not been presented by the County of Los Angeles.

One of the plaintiffs in this case, R.H., is a minor, and Plaintiffs will need to file a petition for approval of the compromise of the minor's claims.  The minor's compromise petition will request entry of an order directing Defendant County of Los Angeles to fund an interest-bearing annuity with the minor plaintiff's portion of the settlement.  The County of Los Angeles typically needs approximately 45 days to fund the annuity after the court's approval of the minor's compromise.  Plaintiffs are unable to file the minor's compromise petition until after the settlement is approved because the interest rates for

3

1  the annuity can only be locked in for a relatively short amount of time.  Therefore, even

2  after the settlement is approved, Plaintiffs will not receive their settlement funds for

3  approximately another two to three months.

4      Plaintiffs entered into the settlement agreement with the expectation that they

5  would receive their settlement funds within a reasonable amount of time.  Now that

6  approximately 18 months have passed since the Parties agreed to settle the case, Plaintiffs

7  are seeking court intervention to enforce the terms of the settlement agreement.  Given

8  the amount of the settlement, the delay in payment is causing Plaintiffs to lose a

9  significant amount of interest on the $3,500,000.  Assuming a 4% interest rate, Plaintiffs

10  have already lost approximately $210,000 in accrued interest on the $3,500,000, and will

11  continue to lose interest in the amount of approximately $11,667 per month.  Therefore,

12  Plaintiffs request that this Court enter the proposed order filed concurrently herewith,

13  setting an Order to Show Cause hearing wherein Defendant County shall explain why

14  this matter has not yet been placed on the agendas of the Los Angeles County Claims

15  Board and the Los Angeles County Board of Supervisors.

16

17

18  Dated: August 1, 2025                    LAW OFFICES OF DALE K. GALIPO
                                             HAYSBERT | MOULTRIE, LLP

19

20                                           By: */s/ Renee V. Masongsong*
                                             Renee V. Masongsong

21                                           Dale K. Galipo
                                             Nazareth M. Haysbert, Esq.

22                                           James L. Moultrie III, Esq.
                                             *Attorneys for Plaintiffs*

23

24

25

26

27

28

4