LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

Nazareth M. Haysbert (SBN 294431)
nazareth@hmlaw.la
HAYSBERT | MOULTRIE, LLP
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292
Tel: (310) 496-5796/Fax: (310) 496-5701
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., A MINOR, BY AND THROUGH HIS LEGAL GUARDIAN, RAYLENE JOHNSON, INDIVIDUALLY, AND AS FREDERICK HOLDER'S SUCCESSOR-IN-INTEREST, TONY JONES, AN INDIVIDUAL; APRIL HOLDER, AN INDIVIDUAL<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; JACKIE ROJAS; JAVIER FIERROS; CHRISTOPHER CONGER,<br><br>Defendants. | Case No.: 2:22-cv-05706-FMO-MAR<br>*[Hon. Fernando M. Olguin<br>Magistrate: Hon. Margo A. Rocconi]*<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF R.H.**<br><br>[Declaration of Raylene Johnson; Declaration of Renee V. Masongsong and Exhibits thereto; Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Petitioner R.H., Raylene Johnson, as

-1-
UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF R.H..

guardian ad litem for R.H., the minor plaintiff, hereby moves this Court by way of this Ex Parte Application for Approval of Compromise of the Claims of minor plaintiff R.H.

      Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Renee V. Masongsong, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on February 20, 2026, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. Declaration of Renee V. Masongsong in Support of Ex Parte Application for Approval of Minor's Compromise ("Masongsong Decl.") at ¶ 3.

      Defendants are represented by Rickey Ivie (SBN 76864), IVIE McNEILL WYATT PURCELL & DIGGS, A Professional Law Corporation, <u>rivie@imwlaw.com</u>, 444 S. Flower Street, Suite 3200, Los Angeles, CA 90071, Tel.: (213) 489-0028/ Fax: (213) 489-0552. Masongsong Decl. at ¶ 3. Defendants' counsel do not oppose the filing of this application for approval of the minors' compromise on an *ex parte* basis, and Defendants take no position as to the proposed distribution of the settlement funds. Masongsong Decl. at ¶ 4. Plaintiffs seek approval of the instant minor's compromise petition on an *ex parte* basis because the interest rates for the annuities may expire if this matter is heard as a regularly noticed motion. Masongsong Decl. at ¶ 5.

DATED:  March 2, 2026          LAW OFFICES OF DALE K. GALIPO

                                    By:    *s/ Renee V. Masongsong*
                                           Dale K. Galipo
                                           Renee V. Masongsong
                                           *Attorneys for Plaintiffs*

# UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF R.H.

## I. INTRODUCTION

Raylene Johnson, guardian *ad litem* for minor plaintiff R.H., hereby submits this petition and proposed order for approval of the compromise of the minor's claims in this matter, and requests that the Court approve of the proposed distribution of the minor's funds. Raylene Johnson is R.H.'s legal guardian and natural mother. The instant claims of minor plaintiff R.H. arose out of the fatal shooting of R.H.'s father, decedent Frederick Holder ("Decedent"), by County of Los Angeles Deputies Jackie Rojas, Javier Fierros, and Christopher Conger on June 23, 2021. The circumstances and allegations surrounding the shooting incident are set forth in Plaintiffs' First Amended Complaint (Dkt. No. 57). Plaintiffs and Defendants have agreed to settle the above-referenced case, and the parties' settlement has been approved by the proper authorities.

This agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $3,500,000 divided between the Plaintiffs, as follows: R.H. and his attorneys: $3,000,000; April Holder and her attorneys: $250,000; Tony Jones and his attorneys: $250,000. These are the amounts that the Plaintiffs have agreed to. Masongsong Decl. at ¶ 6.

R.H. is the minor child of and successor in interest to Decedent Frederick Holder. The minor plaintiff R.H. asserts the following claims in the operative complaint, seeking survival damages and wrongful death damages: Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as successor in interest to Decedent (survival claim); Interference with Familial Relationship pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment; *Monell* claims; Violation of California Civil Code § 52.1 (the Bane Act) as successor in interest to Decedent; Negligence as successor in interest to Decedent; Battery as successor in interest to Decedent. Masongsong Decl. at ¶ 7.

II. **DISCUSSION**

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).  In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minors' claims to assure itself that the minors' interests are protected, even if the settlement has been recommended or negotiated by the minors' parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts.  California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951,

and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioner is Raylene Johnson as guardian *ad litem* for R.H. and also as the legal guardian and mother of R.H.

2. Plaintiff R.H. is the minor child of the decedent in this case, Frederick Holder. R.H. was born on September 3, 2020.

3. The nature of the Plaintiff's claims in this lawsuit is set forth in the operative complaint filed in this action (Dkt. No. 57). Pursuant to the settlement agreement, R.H.'s claims will be compromised without a trial on the merits. Masongsong Decl. at ¶ 7.

4. Plaintiff R.H. 's damages in this case arise from (1) the injuries suffered by their father, Frederick Holder (the decedent), for which Plaintiff R.H. can recover survival damages as successors in interest (survival damages); and (2) Plaintiff R.H.'s individual losses of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Masongsong Decl. at ¶ 7.

5. Neither medical treatment nor medical billing are relevant to this case; Plaintiff R.H. has not received medical treatment in connection with this case.

6. The total amount of the settlement that Defendant County of Los Angeles agrees to pay is $3,500,000. As set forth above, of the $3,500,000 gross settlement amount, $3,000,000 is proposed to be distributed to R.H. and his attorneys. Plaintiffs' attorneys are requesting attorneys' fees of 40% of the gross settlement proceeds. The attorneys' fees allocated to R.H. are $1,200,000. Plaintiffs' attorneys also seek reimbursement for the litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $10,566.66. Plaintiffs R.H. 's pro rata share of the costs is 86% of the costs, which is $9,087.33. These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee

-5-
UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF R.H..

1  retainer agreements in this case.  Plaintiffs, including the guardian ad litem for the
2  Minor Plaintiff, signed retainer agreements with the Law Offices of Dale K. Galipo
3  and HAYSBERT | MOULTRIE, LLP that provide for a 40% contingency fee.
4  Masongsong Decl. at ¶ 8.
5        The contingency attorney fee award in this case is justified in part by attorney
6  Dale K. Galipo's skill and experience in the civil rights field, the difficulties and
7  complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult
8  case.  Mr. Galipo is one of the most successful and experienced civil rights attorneys
9  in the country.  Mr. Galipo has been elected as a "Super Lawyer" every year since
10 the year 2013.  In 2019, Mr. Galipo was selected to the Inner Circle of Advocates,
11 considered to represent the top one hundred civil Plaintiffs' attorneys in the United
12 States.  Also in 2019, Mr. Galipo was elected as a Fellow of the American College
13 of Trial Lawyers, which is recognized as the preeminent organization of trial
14 lawyers in North America.  In 2020, Mr. Galipo received the "Trial Lawyer of the
15 Year" award from the Consumer Attorneys Association of Los Angeles
16 ("CAALA").  Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of
17 the Year" award from the Consumer Attorneys of California ("CAOC").
18 Masongsong Decl. at ¶ 9.
19       Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000
20 an hour and up to $1,400 an hour by multiple federal courts.  In *French v. City of*
21 *Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that
22 case at the district court level.  In the same case, after the plaintiffs prevailed against
23 the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney
24 fees on appeal, in an order dated February 21, 2024.  Mr. Galipo's hourly rates as
25 awarded by these federal judges support Plaintiffs' attorneys' request for the full
26 40% contingency attorney fee in this case.  Masongsong Decl. at ¶ 9.
27       Additionally, the 40% attorney fee is justified by the substantial amount of
28 risk that this case involved. If the Law Offices of Dale K. Galipo, HAYSBERT |

1 MOULTRIE, LLP were not awarded a fully compensatory fee in cases such as this
2 one, then these attorneys would not be able to take such difficult cases. In turn,
3 minor plaintiffs such as R.H. would not be able to attract competent counsel who
4 could achieve similar results.  Accordingly, Plaintiffs' attorneys request
5 reimbursement of the full amount of their attorneys' fees and costs. Masongsong
6 Decl. at ¶ 9.
7  7. As stated above, the gross amount of the settlement is $3,500,000.  The
8 gross share of these proceeds apportioned for minor Plaintiff R.H. and his attorneys
9 is $3,000,000. After deducting requested attorneys' fees of $1,200,000, and
10 deducting and R.H.'s pro-rata share of costs, the total net settlement proceeds to
11 R.H. is $1,790,912.67.  Masongsong Decl. at ¶ 10.
12  8. It is requested that $1,790,912.67 be used to fund a structured settlement
13 annuity for R.H.  Attached as "Exhibit A" to the Declaration of Renee V.
14 Masongsong is the proposed structured settlement annuity for R.H., which is
15 incorporated herein in its entirety by reference. R.H.'s guardian *ad litem,* Raylene
16 Johnson, agrees to this proposal and believes that it is in the best interests of R.H.
17 Under the proposal set forth in "Exhibit A," the total amount that R.H. will receive
18 after the last payment is made from the annuity is $5,384,246.68. Masongsong Decl.
19 at ¶ 11.
20  The proposal set forth in "Exhibit A" includes a request for an $800 monthly
21 stipend to Raylene Johnson, who is the guardian ad litem for and natural mother of
22 R.H.  R.H. is currently six years old. Ms. Johnson requests the stipend for twelve
23 years and three months, until R.H. is 18 years old.  Declaration of Raylene Johnson
24 ("Johnson Decl.") at ¶ 2; "Exhibit A" to Masongsong Decl. As set forth in the
25 declaration of Raylene Johnson filed concurrently herewith, Ms. Johnson shall use
26 the monthly stipend solely for the care and support of R.H., including the following:
27 (1) to maintain R.H.'s enrollment in a private school where he has developed
28 consistent peer relationships, formed secure attachments with teachers and staff, and

demonstrated positive academic and social-emotional progress, at approximately $700 per month; (2) to contribute to additional education expenses, including before-school and after-school care, school supplies, school uniforms, tutoring, and extra-curricular fees; (3) to provide therapy/counseling to address mental health issues relating to the grief R.H. suffered as a result of losing his father during the incident giving rise to this lawsuit; (4) to continue to consistently provide routine medical and dental care for R.H.  Johnson Decl. at ¶¶ 2-5.

9. The moving guardian *ad litem* is not plaintiff in this case and has no claims against Defendants in connection with the subject incident.

10. The moving guardian *ad litem* (Raylene Johnson) does not have any claims against the minor plaintiff R.H. in connection with the subject incident.

11. California Welfare and Institutions Code Section 14124.73 does not apply.

12. This motion does not seek an order for payment of money to a special needs trust.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Renee V. Masongsong (California State Bar Number 281819), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action.  Masongsong Decl. at ¶ 12.

2. Plaintiffs' attorneys did not become concerned with this matter at the instance of any party against whom the claims of R.H. are asserted.  Masongsong Decl. at ¶ 13.

3. The Law Offices of Dale K. Galipo and HAYSBERT | MOULTRIE, LLP represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter.  Masongsong Decl. at ¶ 14.

4. The Law Offices of Dale K. Galipo and HAYSBERT | MOULTRIE, LLP have not to date received any compensation for their services in connection herewith

from any person.  Masongsong Decl. at ¶ 15.

5. In addition to receiving compensation from R.H. 's share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs April Holder and Tony Jones, which is $100,000 from April Holder and $100,000 from Tony Jones. Plaintiffs' attorneys also expect to receive reimbursement for advanced litigation costs from April Holder and Tony Jones, in their pro rata shares of the settlement, which is 7% of the costs each, or $739.66 each.  Masongsong Decl. at ¶ 26.

6. The Law Offices of Dale K. Galipo and HAYSBERT | MOULTRIE, LLP accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery.  Masongsong Decl. at ¶ 10.

**Petitioner's endorsement:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to R.H.'s claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims.  Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, R.H. will be forever barred from seeking any further recovery of compensation even though R.H.'s injuries and loss might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of his injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to R.H. to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.  Johnson Decl. at ¶ 6.

Petitioner Raylene Johnson requests that the Court enter the proposal attached

to the Declaration of Renee V. Masongsong as "Exhibit A" for R.H. Specifically, Petitioner Raylene Johnson requests that the Court enter the Proposed Order filed concurrently herewith. Johnson Decl. at ¶ 7. As stated, Petitioner Raylene Johnson is R.H.'s guardian *ad litem* and natural mother.

## III. CONCLUSION

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

DATED: March 2, 2026            LAW OFFICES OF DALE K. GALIPO

                                By:      *s/ Renee V. Masongsong*
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         *Attorneys for Plaintiffs*