LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., A MINOR, BY AND THROUGH HIS LEGAL GUARDIAN, RAYLENE JOHNSON, INDIVIDUALLY, AND AS FREDERICK HOLDER'S SUCCESSOR-IN-INTEREST, TONY JONES, AN INDIVIDUAL; APRIL HOLDER, AN INDIVIDUAL<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; JACKIE ROJAS; JAVIER FIERROS; CHRISTOPHER CONGER,<br><br>Defendants. | Case No.: 2:22-cv-05706-FMO-MAR<br>*[Hon. Fernando M. Olguin<br>Magistrate: Hon. Margo A. Rocconi]*<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF R.H.** |

**DECLARATION OF RENEE V. MASONGSONG**

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in

1. support of Plaintiffs' Ex Parte Application for an Approval of the Compromise of the Claims of Minor Plaintiff R.H.

2. Defendants are represented by Rickey Ivie (SBN 76864), IVIE McNEILL WYATT PURCELL & DIGGS, A Professional Law Corporation, <u>rivie@imwlaw.com</u>, 444 S. Flower Street, Suite 3200, Los Angeles, CA 90071, Tel.: (213) 489-0028/ Fax: (213) 489-0552.

3. I emailed Defendants' counsel a copy of this ex parte application and accompanying documents on February 20, 2026.

4. Defendants' counsel does not oppose the filing of this application on an *ex parte* basis, and Defendants take no position as to the proposed distribution of the settlement funds.

5. Plaintiffs seek approval of the minor's compromise on an *ex parte* basis because the interest rates for the annuities may expire if this matter is heard as a regularly noticed motion.

6. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $3,500,000 divided between the seven Plaintiffs as follows: R.H. and his attorneys: $3,000,000; April Holder and her attorneys: $250,000; Tony Jones and his attorneys: $250,000. These are the amounts that the Plaintiffs have agreed to.

7. The circumstances and allegations surrounding the shooting incident are set forth in Plaintiffs' First Amended Complaint (Dkt. No. 57). R.H. is the minor child of and successor in interest to Decedent Frederick Holder. The minor plaintiff R.H. asserts the following claims in the operative complaint, seeking survival damages and wrongful death damages: Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as successor in interest to Decedent (survival claim); Interference with Familial Relationship pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment; *Monell* claims; Violation of California Civil Code § 52.1 (the Bane Act) as successor in interest to Decedent; Negligence as successor in

1  interest to Decedent; Battery as successor in interest to Decedent. Plaintiff R.H. 's
2  damages in this case arise from (1) the injuries suffered by their father, Frederick
3  Holder (the decedent), for which Plaintiff R.H. can recover survival damages as
4  successors in interest (survival damages); and (2) Plaintiff R.H.'s individual losses
5  of the decedent's comfort, care, companionship, training, support, and guidance
6  (wrongful death damages).  Pursuant to the settlement agreement, R.H.'s claims will
7  be compromised without a trial on the merits.

8.  The total amount of the settlement that Defendant County of Los Angeles agrees to pay is $3,500,000.  Of the $3,500,000 gross settlement amount, $3,000,000 is proposed to be distributed to R.H. and his attorneys. Plaintiffs' attorneys are requesting attorneys' fees of 40% of the gross settlement proceeds. The attorneys' fees allocated to R.H. are $1,200,000. Plaintiffs' attorneys also seek reimbursement for the litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $10,566.66.  Plaintiffs R.H. 's pro rata share of the costs is 86% of the costs, which is $9,087.33. These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case.  Plaintiffs, including the guardian ad litem for the Minor Plaintiff, signed retainer agreements with the Law Offices of Dale K. Galipo and HAYSBERT | MOULTRIE, LLP that provide for a 40% contingency fee.

9.  The contingency attorney fee award in this case is justified in part by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country.  Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013.  In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States.  Also in 2019, Mr. Galipo was elected as a Fellow of the

1  American College of Trial Lawyers, which is recognized as the preeminent
2  organization of trial lawyers in North America.  In 2020, Mr. Galipo received the
3  "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los
4  Angeles ("CAALA").  Also in 2020, Mr. Galipo received the "2020 Consumer
5  Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").
6         Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000
7  an hour and up to $1,400 an hour by multiple federal courts.  In *French v. City of*
8  *Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that
9  case at the district court level.  In the same case, after the plaintiffs prevailed against
10 the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney
11 fees on appeal, in an order dated February 21, 2024.  Mr. Galipo's hourly rates as
12 awarded by these federal judges support Plaintiffs' attorneys' request for the full
13 40% contingency attorney fee in this case.
14        Additionally, the 40% attorney fee is justified by the substantial amount of
15 risk that this case involved. If the a were not awarded a fully compensatory fee in
16 cases such as this one, then these attorneys would not be attorneys would not be able
17 to take such difficult cases. In turn, minor plaintiffs such as R.H. would not be able
18 to attract competent counsel who could achieve similar results.  Accordingly,
19 Plaintiffs' attorneys request reimbursement of the full amount of their attorneys'
20 fees and costs.
21        10.    The gross amount of the settlement is $3,500,000.  The gross share of
22 these proceeds apportioned for minor Plaintiff R.H. and his attorneys is $3,000,000.
23 After deducting requested attorneys' fees of $1,200,000, and deducting and R.H.'s
24 pro-rata share of costs, the total net settlement proceeds to R.H. is $1,790,912.67.
25        11.    It is requested that $1,790,912.67 be used to fund a structured
26 settlement annuity for R.H.  Attached as "Exhibit A" attached hereto is the proposed
27 structured settlement annuity for R.H., which is incorporated herein in its entirety by
28 reference. R.H.'s guardian *ad litem,* Raylene Johnson, agrees to this proposal and

-4-

DECLARATION OF RENEE V. MASONGSONG

believes that it is in the best interests of R.H. Under the proposal set forth in "Exhibit A," the total amount that R.H. will receive after the last payment is made from the annuity is $5,384,246.68.

12. I prepared this petition (attorney Renee V. Masongsong, California State Bar Number 281819; Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California.

13. The attorneys did not become concerned with this matter at the instance of any party against whom the claims of R.H. are asserted.

14. The Law Offices of Dale K. Galipo and HAYSBERT | MOULTRIE, LLP represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter.

15. The Law Offices of Dale K. Galipo and HAYSBERT | MOULTRIE, LLP have not to date received any compensation for their services in connection herewith from any person.

16. In addition to receiving compensation from R.H.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs April Holder and Tony Jones, which is $100,000 from April Holder and $100,000 from Tony Jones. Plaintiffs' attorneys also expect to receive reimbursement for advanced litigation costs from April Holder and Tony Jones, in their pro rata shares of the settlement, which is 7% of the costs each, or $739.66 each.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 2nd day of March 2026 at Woodland Hills, California.

*s/ Renee V. Masongsong*
Renee V. Masongsong