# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., A MINOR, BY AND THROUGH HIS LEGAL GUARDIAN, RAYLENE JOHNSON, INDIVIDUALLY, AND AS FREDERICK HOLDER'S SUCCESSOR-IN-INTEREST, TONY JONES, AN INDIVIDUAL; APRIL HOLDER, AN INDIVIDUAL<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES,; JACKIE ROJAS; JAVIER FIERROS; CHRISTOPHER CONGER,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-05706-FMO-MAR<br>*[Hon. Fernando M. Olguin*<br>*Magistrate: Hon. Margo A. Rocconi]*<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF R.H.**<br><br>[Petition; Verification by Guardian ad Litem Raylene Johnson; Declaration of Raylene Johnson; Declaration of Renee V. Masongsong and Exhibits thereto *filed concurrently herewith*] |

**[PROPOSED] ORDER**

This Court, having considered Plaintiffs' Petition for Compromise of the Claims minor plaintiff R.H., and GOOD CAUSE appearing therefore, hereby **GRANTS** the Petition and makes the following orders:

1. The settlement of minor plaintiff R.H.'s claims in this action against the Defendants in the net amount of $$1,790,912.67is hereby approved. Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $3,500,000 within 10 days from the date of this Order, payable as follows:

    a) Defendants will purchase a structured annuity for minor Plaintiff R.H. from MetLife Tower Resources Group, Inc. in the amount of $1,790,912.67 (hereinafter referred to as "Assignee(s)"), which will provide periodic payments to be made by Metropolitan Life Insurance Company (hereinafter referred to as "Annuity Carrier(s)") rated A+ Class XV by A.M. Best Company. To fund the annuity, Defendants shall mail a check for $1,790,912.67, made out to "MetLife Tower Resources Group, Inc." to Baldwin Settlements, 24265 Juanita Drive, Laguna Niguel, CA 92677.

    b) A draft for $1,709,087.33 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy the following: (1) contingency attorneys' fees owed by the three plaintiffs in the total amount of $1,400,000 which is 40% of the gross settlement; (2) the advanced litigation costs in the amount of $10,566.66; (3) the net portions of the settlement allocated to the adult plaintiffs in this case.

2. Annuity Carrier(s) shall provide periodic payments in accordance with "Exhibits A" to the Declaration of Renee V. Masongsong and as set forth as follows:

**Payable to Raylene Johnson as Guardian:**

$800.00 payable monthly for 12 years, 3 months guaranteed, beginning 07/01/2026, with the last guaranteed payment on 09/01/2038.

**Payable to R. H.:**

- $50,000.00 payable semi-annually for 5 years guaranteed, beginning 09/03/2038, with the last guaranteed payment on 03/03/2043.
- $5,000.00 payable monthly for 3 years guaranteed, beginning 09/03/2043, with the last guaranteed payment on 08/03/2046.
- $10,000.00 payable monthly for 4 years, 1 month guaranteed, beginning 09/03/2046, with the last guaranteed payment on 09/03/2050.
- $500,000.00 guaranteed lump sum payable on 09/03/2045.
- $1,500,000.00 guaranteed lump sum payable on 09/03/2050.
- $2,220,246.68 guaranteed lump sum payable on 09/03/2055.

3. All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

4. Disbursement drafts will be made payable to and will begin being issued directly to R.H. upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit A" to the Declaration of Renee V. Masongsong filed concurrently herewith.

5. Defendants shall make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s),

of the Defendants' liability to make the periodic payments as described above and in "Exhibit" to the Declaration of Renee V. Masongsong. Such assignment, when made, shall be accepted by Plaintiff R.H. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee(s).

6. Defendants and/or Assignee(s) shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier(s).

7. The Assignee(s) shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

8. The Assignee(s) may have Annuity Carrier(s) mail payments directly to R.H. as set forth above. Raylene Johnson (until Plaintiff R.H. reaches the age of majority) and then R.H., shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee(s).

**IT IS SO ORDERED.**

Dated: _____, 2026                    _____
                                          Honorable Fernando M. Olguin
                                          United States District Court
                                          Central District of California